## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **CHRISTINE D. SAUCIER,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | )  **No. 2:13-cv-230-NT** |
| | ) |
| **CAROLYN W. COLVIN, Acting** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant** | ) |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge's finding that she suffered from a medically determinable impairment prior to her date last insured conflicts irreconcilably with his additional finding that she did not suffer from a severe impairment at that time, requiring remand, and that his failure to consult a medical expert at the hearing on the plaintiff's application is an additional error also requiring remand. Upon careful review, I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act only through March 31, 2006, Finding 1, Record at 28;

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the defendant to file a written opposition to the itemized statement. Oral argument was held before me on June 11, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

that she did not engage in substantial gainful activity between her alleged date of onset of disability, October 5, 2002, and her date last insured, Finding 2, *id*.; that, before the date last insured, she had the medically determinable impairment of multiple sclerosis, Finding 3, *id*. at 29; but that, through the date last insured, she did not suffer from an impairment or combination of impairments that was severe, Finding 4, *id*.; and that, therefore, she was not under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset through the date last insured, Finding 5, *id*. at 35. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential evaluation process, at which stage the claimant bears the burden of proof, but it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Humans Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the

individual's age, education, or work experience were specifically considered." *Id*. (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Step 2

The plaintiff contends that the administrative law judge's finding that she suffered from multiple sclerosis before her date last insured is "irreconcilably" inconsistent with his denial of her application at Step 2 of the sequential evaluation process. Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 13) at 5. A denial at Step 2 by the administrative law judge means that no severe impairment was found. The administrative law judge found that the plaintiff suffered from multiple sclerosis "[t]hrough the date last insured," but did not discuss this finding at that point in his decision. Record at 29. He then found that the plaintiff had not suffered from a severe impairment before the date last insured. *Id*.

If a claimant has no severe impairment, the sequential evaluation process stops, and the application for benefits is denied. In the instant case, the administrative law judge found, after reviewing the medical evidence in the record, that

> [w]hile recent examiners now associate the claimant's earlier symptoms with multiple sclerosis (Exhibits 8F, 13F, 16F, 19F, 21F, and 22F), the issue in this case is not whether she has a medically determinable impairment, but whether that medically determinable impairment resulted in more than slight or minimal limitations in the claimant's ability to perform basic work activities on or before the date her insured status expired. Medical records prior to the date last insured do document complaints of urinary incontinence with microscopic hematuria in 2002, 2003, and early 2004 (Exhibits 2F, 3F, and 24F), and show that she received chiropractic treatment for four months in 2002 due to complaints of pain and stiffness in the low back, neck, and knees (Exhibits 14F[] and 23F). However, her pain and stiffness were reported to be 95% better by November 5, 2002 (Exhibit 14F), and her bladder symptoms were noted to be a little better with Kegal exercises by November 25, 2003 (Exhibit 1F). The claimant does not appear to have seen another physician for any reason whatsoever for almost four years after she was last seen in early

> 2004. While she stated at hearing that she did not seek further medical care prior to the date last insured because she could not afford it and because she felt her doctors did not believe her (Testimony), this does not relieve her of her burden of proof at this step of the sequential evaluation process. The evidence of record shows that two to three years after her insured status expired, the claimant experienced significant worsening of her symptoms such that she underwent neurological evaluation and was subsequently diagnosed with multiple sclerosis during her third pregnancy in May, 2009 (Exhibits 14F, 16F, 19F, 20F, 21F, 22F, 23F, 25F, and 26F).

Record at 32.

The plaintiff cites no authority in support of her contention that, once an impairment has been found to exist, it must be found to be severe. The defendant says that precedent in this court strongly suggests otherwise, citing *Fontaine v. Astrue*, No. 07-18-P-S, 2007 WL 3023611 (D. Me. Oct. 12, 2007). Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 14) at 11. However, as discussed below, it is not accurate to describe that case as presenting "almost identical circumstances." *Id.*

In *Fontaine*, the administrative law judge found only that the plaintiff "had not met her burden of proof that she suffered a severe impairment or combination of impairments prior to her date last insured for benefits[.]" 2007 WL 3023611 at *1. Her date last insured was almost two year before she was diagnosed with dilated cardiomyopathy, the impairment upon which she relied on appeal. *Id.* at *3. As is the case here, the plaintiff presented "no contemporaneous medical evidence that she suffered from her current . . . condition during [the relevant] time frame." *Id.* In both cases there was evidence from one or more state-agency reviewing experts upon which the administrative law judge could rely; in *Fontaine*, four such experts reviewed the file and concluded that the plaintiff "failed to establish that she even suffered from a physical or mental impairment on or before her date last insured[,"] 2007 WL 3023611 at *3, while in the instant case a state-

agency reviewing physician concluded that the plaintiff's multiple sclerosis was "[n]on-severe at D[ate] L[ast] I[nsured]." Record at 503.

However, it is the difference between *Fontaine* and the case at hand that is the specific focus of this appeal. There was no suggestion in *Fontaine* that the administrative law judge found that the plaintiff's heart condition existed before the date last insured. Here, the administrative law judge expressly found that the plaintiff's multiple sclerosis existed before the date last insured.[2] As a result, this court must address only the question of whether that impairment was severe before the date last insured.[3] Contrary to the plaintiff's argument, the severity of an impairment may be made independent of the fact that the defendant found the impairment to exist at the relevant time. Here, the plaintiff must have shown to the administrative law judge that her multiple sclerosis "significantly limited [her] ability to do basic work activity at the relevant time." *LaBonte v. Astrue*, Civil No. 09-358-P-S, 2010 WL 2024895, at *2 (D. Me. May 18, 2010).

The defendant takes the position that "the testimony of lay witnesses has no bearing on the Step 2 severity analysis[,]" Opposition at 11, but that too is not quite accurate. The defendant's regulations provide that only medical evidence may be considered in determining whether an allege impairment exists, but that an administrative law judge "may also use evidence from other sources to show the severity of your impairment(s) and how it affects your ability to work." 20

---

[2] The defendant "concedes that in the absence of any objective medical evidence of the presence of MS prior to March 31, 2006, substantial evidence did not support the ALJ's finding that it was a medically determinable impairment during that timeframe." Opposition at 10. This "concession" adds nothing to this judicial review of the commissioner's decision, by the terms of which the defendant is bound on appeal, because the finding of an impairment is the very predicate for the plaintiff's appeal.

[3] The plaintiff's assertion that, once a medically determinable impairment has been found to exist based on medical evidence, the administrative law judge is bound as a matter of law to accept the opinions of those medical sources as to the severity of the impairment, is inconsistent with guidance from the defendant concerning Step 2 evaluations: "A Step 2 (severity) determination entails assessment of (i) whether a claimant has a medically determinable impairment, (ii) if so, whether that impairment reasonably could be expected to produce the alleged symptoms, and (iii) once the requisite relationship between the medically determinable impairment(s) and the alleged symptom(s) is established, the intensity, persistence, and limiting effects of the symptom(s) . . . along with the objective medical and other evidence[,]" Social Security Ruling 96-3p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2013-2014) at 117. The inquiries as to the existence of an impairment and its severity are separate.

C.F.R. § 404.1513(a) & (d). The administrative law judge in this case considered such evidence. Record at 32-33. The plaintiff's testimony, as recounted in her itemized statement, Itemized Statement at 2-3, and that of her husband, Record at 74-82, and the statement of her friend, *id*. at 228, do not address how the multiple sclerosis affected the plaintiff's ability to do work-related activities at the relevant time, nor does she cite any contemporaneous medical records that do so.

The plaintiff asks the court to assume that her "history of bladder problems since 2002" and her episodic fatigue were caused by her multiple sclerosis and must have "significantly limited her ability to do basic work activities[.]" Itemized Statement at 8-9. To do so would be to undertake the kind of lay analysis of raw medical data that is forbidden to the defendant, and thus should not be undertaken by a reviewing court. *Ferrante v. Astrue*, 755 F.Supp.2d 206, 210 (D. Me. 2010).

The plaintiff is not entitled to remand based on her arguments concerning Step 2.[4]

## B. Retroactive Assessment

The plaintiff further argues that the administrative law judge "was required to make a finding on whether or not the Plaintiff is currently disabled," which she contends would trigger application of Social Security Ruling 83-20 ("SSR 83-20"), which governs retroactive assessment of the date of onset of a claimant's disability. Itemized Statement at 10-14. This is an issue that is not and could not be properly before the court at this time.

SSR 83-20 does not apply "unless and until a plaintiff has been determined to be disabled." *Fontaine*, 2007 WL 3023611, at *4. She was not determined to be disabled in this SSD proceeding,

---

[4] The plaintiff asserts, in passing, that the administrative law judge "had to discuss Dr. Schwartz's opinions and explain what weight he gave to her opinions, and the reason for that finding[,]" and, presumably, that she is entitled to remand because the administrative law judge did not do so. Itemized Statement at 7-8. This argument fails, first, because the plaintiff does not specify what opinions and what medical evidence supporting them would require the administrative law judge to go beyond Step 2 in his analysis of her claim. In addition, Dr. Schwartz does not mention any functional, work-related limitations caused by the plaintiff's multiple sclerosis before the date last insured, Record at 533, and her opinion is expressed only in conditional terms. *See Mills v. Apfel*, 84 F.Supp.2d 147, 149 n.6 (D. Me. 2000).

and she does not suggest that she has been found disabled on a claim for Supplemental Security Income benefits. Therefore, the issue of her disability at the time of the hearing was not before the administrative law judge and cannot be before this court in this action. *Id.*; *see also Kelly v. Astrue*, No. 06-168-P-S, 2007 WL 2021923, at *2 (D. Me. July 11, 2007).

The plaintiff's SSD claim is limited to a disability established before her date last insured; her status on the date of the hearing on that claim is simply irrelevant. There is no need for the court to address the plaintiff's remaining arguments, all of which are based upon the misconception that her disability at the time of hearing is properly before this court.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.


## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*


Dated this 25th day of June, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge